UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

Linda Strong as the personal representative
of the Estate of David L. Strong,

    *Plaintiff*,

v.                                               Case No.:

Carnival Corporation, a Foreign Corporation,
and Scootaround, Inc., a Florida Corporation,

    *Defendants*.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Linda Strong as the personal representative of the Estate of David L. Strong, sues Defendant, Carnival Corporation and Scootaround, Inc., for damages and alleges as follows:

## FACTS COMMON TO ALL COUNTS

1. This is a wrongful death action for damages.

2. Plaintiff, Linda Strong is a resident of Ohio and has been the duly appointed fiduciary (personal representative) to administer the estate of her late husband David L. Strong. Prior to his death, David L. Strong was a citizen of the State of Ohio.

3. On or about January 18, 2019, David L. Strong and Linda Strong were aboard the Carnival Sunshine for a 13-day cruise to celebrate their 50th wedding anniversary. Plaintiff Linda Strong was the spouse of the decedent David Strong and brings this wrongful death action on behalf of all beneficiaries including:

    A.    herself as surviving spouse;

    B.    his daughter, Kelly L. Harig, who is a dependent of David L. Strong; and

    C.    the Estate of David L. Strong.

4. Defendant Carnival Corporation ("Carnival") is a foreign, Panamanian corporation whose principal place of business is in Florida.

5. Defendant Scootaround, Inc, is a Florida corporation whose principal place of business is in Florida.

6. Defendant Carnival is a corporation that was the operator of the cruise ship CARNIVAL SUNSHINE. Defendant Carnival was doing continuous and systematic business in Florida and in the Southern District of Florida by operating cruise ships and a cruise business in Florida.

7. Defendant Scootaround was doing continuous and systematic business in the Southern District of Florida by operating a business with which provided battery powered motorized scooters to Carnival's mobility challenged passengers to enable them to move about the ship with greater ease.

8. Plaintiff Linda Strong and her husband David L. Strong were fare paying passengers aboard the Carnival Sunshine. Prior to boarding the ship, they contacted Carnival and advised that the decedent David L. Strong needed a motorized scooter. The decedent notified Carnival that he wanted to participate in Carnival's program known as its "Special Needs Group", which provided additional care and assistance to handicapped cruise passengers.

9. David L. Strong had previously participated in Carnival's program, which enabled him to move about the ship on the scooter, and exit the ship with Carnival crewmember assistance when going on gangways.

10. The Plaintiff had previously rented scooters from Scootaround in order to facilitate his mobility aboard the ship and ashore in various ports.

11. On or about January 18, 2019, Linda Strong and her husband David L. Strong were attempting to disembark the ship CARNIVAL SUNSHINE in the Port of Williamsted, Country of Curacao.

12. As Linda Strong and her husband David L. Strong were attempting to disembark from the vessel for a port visit in Curacao on his scooter, none of the ship's crew provided assistance to David L. Strong while on his scooter (as they had every other time). David L. Strong fell over backwards on his scooter, striking his head on the deck. During the fall backwards the seat of the scooter became disconnected, contributing to his fall. The fall on the ship and the striking of his head when exiting the ship caused David L. Strong's traumatic head injury and brain bleed.

13. After his fall David L. Strong developed a brain bleed which caused him to be emergently disembarked from the ship ashore to Puerto Rico. The doctors in Puerto Rico did not timely and properly treat David L. Strong and were ultimately unable to treat his brain bleed. David L. Strong was transferred from one hospital in Puerto Rico to another because the original hospital was unable to care for David L. Strong's serious head injury. Mr. Strong was then emergently flown on an air ambulance to Ft. Lauderdale, Florida, for emergency brain surgery, medical care and treatment.

14. On February 2, 2019, decedent David L. Strong had emergency brain surgery in Ft. Lauderdale. David L. Strong did not survive the surgery and died an untimely death. David L. Strong died on February 3, 2019.

15. The damages claimed are in excess of $75,000.00.

**JURISDICTION AND VENUE**

16. David L. Strong died when he was in Fort Lauderdale, Florida. Jurisdiction is proper as claims are being made pursuant to the Florida Wrongful Death Act F.S. 768.16-768.26, the Death

on the High Seas Act 46 U.S.C. § 30301 et. seq., and the General Maritime Law of the United States.

17.     Diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332.  There is also admiralty jurisdiction pursuant to 28 U.S.C. § 1333.

18.     Venue is proper in Miami, Florida as both Defendants are doing continuous and systematic business in Miami, Florida.  Further Defendant, Carnival Corporation has a forum selection clause requiring for all lawsuits to be filed in the U.S. District Court for the Southern District of Florida.

## COUNT I –NEGLIGENCE AGAINST CARNIVAL CORPORATION

Plaintiff incorporates paragraphs 1 through 18 and further alleges:

19.     Defendant Carnival Corporation had the duty to use reasonable care under the circumstances towards its passengers including the decedent David Strong. This duty includes crewmembers to assist the decedent when disembarking the vessel on his scooter.  Defendant Carnival has the non-delegable duty to provide its passengers a safe means of ingress and egress from its cruise ships.  Defendant Carnival had provided such assistance to David L. Strong on every prior occasion.

20.     Additionally, Carnival had a heightened duty of care to Mr. Strong because the Defendant knew he was a passenger with special needs.

21.     Carnival Corporation breached its duty on January 18, 2019, by failing to provide the David L. Strong with proper and appropriate care to assist him in getting safely off its ship and down the gangway like it had done on prior trips on and off this ship and other Carnival ships.

22.     As a direct and proximate result of the Defendant Carnival's negligence, David L. Strong suffered injuries to his head which resulted in his untimely and painful death on February 3, 2019.  Plaintiff also lost the value of the cruise and incurred other incidental expenses.

23. As a direct and proximate result of such wrongful death, Linda Strong, as wife of the decedent David L. Strong, claims benefits for all survivors under Florida's Wrongful Death Statute, the General Maritime Law of the United States, and the Death of the High Seas Act, and claims damages for:

    a. The value of lost support and services from the date of decedent's injury to his death, with interest and the future loss of support and services from the date of death;

    b. Mental pain and suffering from the date of injury;

    c. Medical and funeral expenses due to David L. Strong's death;

    d. Pre-death pain and suffering of David L. Strong;

    e. Loss of net accumulations of the Estate;

    f. Payment of medical and funeral expenses due to David L. Strong's injury and death and have become charges against the estate; and

    g. Loss of inheritance.

WHEREFORE, Plaintiff Linda Strong as the personal representative of the Estate of David L. Strong, prays for a judgment to be entered against the Defendant, Carnival Corporation, for compensatory damages in excess of $75,000.00, jointly and severally with other defendants including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

### COUNT II – NEGLIGENCE AGAINST SCOOTAROUND, INC.

Plaintiff incorporates paragraphs 1 through 18 and further alleges:

24. Defendant Scootaround, Inc. was doing business by renting battery powered scooters to disabled people who wanted to use them during cruise vacations.

25. Defendant Scootaround, Inc. would pre-arrange before the cruise to rent the scooters to cruise passengers and then have a Scootaround, Inc. employee deliver the rented scooter to the

5

cabin of the person that was renting. Upon delivery the scooter was present and available in the cabin at the beginning of the cruise as soon as the passenger checked in.

26. Defendant Scootaround, Inc. had the duty to use reasonable care, which included the duty to inspect the scooters that it was renting to make sure that they were in good working order so that the disabled person who was renting it could use it safely.

27. The Defendant Scootaround, Inc.'s, through its employees, breached its duty to properly inspect the scooter rented to the decedent David L. Strong because during normal use the seat became detached from the body of the scooter, which caused or contributed to David Strong sustaining a severe and ultimately fatal head injury.

28. As a direct and proximate result of the Defendant Scootaround's negligence, David L. Strong, suffered injuries to his head that resulted in an untimely and painful death on February 3, 2019. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

29. As a direct and proximate result of such wrongful death, Linda Strong as wife of the decedent David L. Strong, claims benefits for all survivors under Florida's Wrongful Death Statute, the General Maritime Law of the United States, and the Death of the High Seas Act and claims damages for:

    a. The value of lost support and services from the date of decedent's injury to his death, with interest and the future loss of support and services from the date of death;

    b. Mental pain and suffering from the date of injury;

    c. Medical and funeral expenses due to David L. Strong's death;

    d. Pre-death pain and suffering of David L. Strong;

    e. Loss of net accumulations of the Estate;

    f.  Payment of medical and funeral expenses due to David L. Strong's injury and death and have become charges against the estate; and

    g.  Loss of inheritance.

  WHEREFORE, Plaintiff, Linda Strong as the personal representative of the Estate of David L. Strong, prays for a judgment to be entered against the Defendant, Scootaround, Inc., for compensatory damages in excess of $75,000.00, jointly and severally with other defendants, including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

  Dated this 20th day of December, 2019.

              /s/ Jacob Munch
              JACOB J. MUNCH
              E-mail: jake@munchandmunch.com
              Florida Bar Number 376523
              CATHERINE M. SAYLOR
              E-mail: casey@munchandmunch.com
              Florida Bar Number 115593
              MUNCH and MUNCH, P.A.
              600 South Magnolia Avenue – Suite 325
              Tampa, Florida 33606
              Ph: (813) 254-1557 / Fax: (813) 254-5172
              *Attorneys for Plaintiff, Strong*